**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIMBERLY R. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. <u>CIV-15-482-R</u> |
| | ) | |
| STATE OF OKLAHOMA *ex rel.* | ) | |
| THE BOARD OF REGENTS OF | ) | |
| THE UNIVERSITY OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Kimberly R. Miller ("Plaintiff" or "Miller") and, for her causes of action against Defendant State of Oklahoma *ex rel.* The Board of Regents of the University of Oklahoma ("Defendant" or "OU"), alleges and states as follows:

### The Parties

1.      At all relevant times, Plaintiff was and now is a resident of the City of Norman, Cleveland County, State of Oklahoma.

2.      At all relevant times, Defendant was and now is a constitutional agency of the State of Oklahoma whose principal place of conducting its business is located in the City of Norman, Cleveland County, State of Oklahoma.

### Jurisdiction and Venue

3.      This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties.

1

4.     Venue is proper in this Court because Plaintiff's cause of action arose within this judicial district.

Factual Allegations

5.     Plaintiff is in the protected classifications under Title VII of the Civil Rights Act of 1964, as amended, of race and gender as an African American female.

6.     Plaintiff has been employed with Defendant since on or about November 12, 2011.

7.     Currently, Plaintiff is employed as the Director of Human Resources in the Athletic Department.

8.     In 2014, Plaintiff was subjected to unequal terms and conditions of employment when compared with her white and/or male colleagues because of her gender, female, and her race, African American. Plaintiff's department was intentionally understaffed while other similarly situated employees were provided with the proper tools to perform their job duties and responsibilities. Plaintiff has also been left out of meetings pertaining to human resources that are critical for professional development and the performance of her job duties and responsibilities.

9.     On or around July 22, 2014, Plaintiff informally complained of unlawful gender and race discrimination to Defendant. Defendant has taken no steps to remedy the unlawful gender and race discrimination.

10.     In addition to her protected status as an African American female, Plaintiff is also disabled within the meaning of the Americans with Disabilities Act of 1990 and/or the Americans with Disabilities Act Amendments Act of 2008.

11.     Plaintiff informed Defendant of her disability and requested reasonable accommodations in performing her job duties. Defendant denied the reasonable accommodations. With the reasonable accommodations that Plaintiff requested, she would be and is competent to perform her job duties.

12.     After complaining of unlawful gender, race, and disability discrimination both informally and formally, Defendant continued to and further retaliate against Plaintiff in that her job duties and responsibilities are being shifted to other employees with no experience in human resources.

13.     As the Director of Human Resources in the Athletic Department, Plaintiff performs work that is substantially equal to the work performed by the Directors of Human Resources in other departments who are also employed by Defendant.

14.     The working conditions for these positions are and were at all relevant times basically the same as compared to the Directors of Human Resources in other University Departments.

15.     Defendant pays male Directors of Human Resources in other University Departments more under these circumstances than it pays to Plaintiff, solely because she is a female.

16.    Plaintiff has exhausted her administrative remedies by filing two separate Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). This suit is timely brought within 90 days of receiving both of her Notices of Suit Rights.

<u>FIRST CAUSE OF ACTION – VIOLATION OF ADA AND ADAAA</u>

17.    Plaintiff incorporates by reference herein paragraphs 1-16 as though set out in full.

18.    Plaintiff is disabled under the ADA and ADAAA because she has a condition that substantially limits her major life activities.

19.    Plaintiff is qualified, with a reasonable accommodation, to perform the essential functions of her job.

20.    Plaintiff suffered discrimination by her employer, Defendant, because of her disability when it refused to provide a reasonable accommodation to her.

21.    As a direct and proximate result of Defendant's discrimination against Plaintiff, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to her professional reputation, and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a)    That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 12117(a);

4

(b)     That Defendant be ordered to pay Plaintiff economic and

compensatory damages pursuant to the ADA and ADAAA in an

amount to be determined by the jury at the time of the trial;

(c)     That Defendant be ordered to pay Plaintiff costs and a reasonable

attorney's fee;

(d)     That Defendant to be ordered to pay punitive damages

for its intentional and/or reckless violation of the ADA and ADAAA;

and,

(e)     For such other and further relief as the Court deems just and proper,

including reinstatement and front pay.

### SECOND CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

22.     Plaintiff incorporates by reference herein paragraphs 1-21 as though set forth in full.

23.     Plaintiff is in the protected classifications of Title VII of the Civil Rights Act of 1964, as amended, as an African American female.

24.     Defendant intentionally discriminated against Plaintiff because of her protected classification of race and/or gender.

25.     Plaintiff was qualified to perform her job based on education, training, experience and prior job performance.

26.     As a direct result of Defendant's discriminatory treatment of Plaintiff as herein alleged, Plaintiff has suffered economic loss, mental anguish and emotional

distress, sleeplessness, anxiety, embarrassment, humiliation, injury to reputation and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)    That Defendant be ordered to make Plaintiff whole by providing back pay and any other remedy authorized by 42 U.S.C. § 2000e-5(g);

(2)    That Defendant be ordered to pay Plaintiff compensatory damages pursuant to 42 U.S.C. § 1981a, including punitive damages, in an amount to be determined by the jury at the time of trial;

(3)    That Defendant be ordered to pay Plaintiff costs including witness fees and a reasonable attorneys' fee pursuant to 42 U.S.C. § 2000e-5(k); and,

(4)    For such other and further make-whole relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION – RETALIATION
## IN VIOLATION OF THE ADA AND ADAAA AND TITLE VII

27.    Plaintiff incorporates by reference herein paragraphs 1-26 as though set forth in full.

28.     Plaintiff engaged in a protected activity by complaining to Defendant that she was being discriminated against on the basis of her disability, race and gender.

29.     Plaintiff was subjected to materially adverse employment actions subsequent to her complaint to her supervisor.

30.     Defendant's stated reason for the materially adverse employment actions is pretextual and not worthy of belief.

31.     As a direct and proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to her professional reputation, and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a)     That Defendant be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e;

(b)     That Defendant be ordered to pay Plaintiff economic and compensatory damages pursuant to the ADA/ADAAA and Title VII in an amount to be determined by the jury at the time of the trial;

(c)     That Defendant be ordered to pay Plaintiff costs and a reasonable attorney's fee;

(d)     That Defendant to be ordered to pay punitive damages for its

intentional and/or reckless violation of the ADA/ADAAA and Title VII;

and,

(e)     For such other and further relief as the Court deems just and proper,

including front pay.

<u>FOURTH CAUSE OF ACTION – EQUAL PAY ACT VIOLATION</u>

32.     Plaintiff incorporates by reference herein paragraphs 1-31 as though
set forth in full.

33.     At all relevant times, Defendant paid to Plaintiff less in salary, wages,
benefits, and salary increases than it paid to its male Directors of Human Resources
or other employees who performed the same or substantially equal duties and
responsibilities as did Plaintiff, in the same or substantially equal working
conditions.

34.     The work performed by Plaintiff required equal skill, effort and
responsibility of her male colleagues who were paid more in salary, wages, benefits,
and salary increases.

35.     The difference in the rate of pay to Plaintiff and her male colleagues
who were similarly situated was not a part of, and was not occasioned by, any
seniority, merit, or other non-discriminatory factors, but was based solely on the
factor of sex.

36.     As a direct result of Defendant's unlawful violation of the provisions of the Equal Pay Act, Plaintiff has been damaged and seeks all the remedies provided by that Act to make her whole and to compensate her for all her losses, including but not limited to, the recovery of wages equal to the difference between Plaintiff's pay and benefits and the pay and benefits of Defendant's male Directors of Human Resources or other male employees who performed the same or substantially equal work as Plaintiff, and for liquidated damages in an amount equal to the amount awards as damages.

37.     Plaintiff further seeks an award of attorney's fees as provided by the Equal Pay Act.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)     For all relief allowed by the Equal Pay Act and supported by the facts as developed at trial, including the recovery of wages equal to the difference between Plaintiff's pay and benefits and the pay and benefits of Defendant's male Directors of Human Resources or other male employees who performed the same or substantially equal work as Plaintiff, and for liquidated damages in an amount equal to the amount awards as damages;

(2)     For her costs;

(3)     For a reasonable attorney's fee;

(4)     For pre-judgment and post-judgment interest; and

(5)     For such other and further relief as the Court deems just, proper and

consistent with Plaintiff's claim under the Equal Pay Act.

Dated this 5th day of May, 2015.


                                        WARD & GLASS, L.L.P.

                                        /s/ Stanley M. Ward
                                        Stanley M. Ward, OBA#9351
                                        Woodrow K. Glass, OBA#15690
                                        Scott F. Brockman, OBA#19416
                                        R. Ben Houston, OBA#14751
                                        Barrett T. Bowers, OBA#30493
                                        R. Ben Houston, OBA#14751
                                        Brent L. Neighbors, OBA#15910
                                        Bryan B. Young, OBA#31434
                                        1821 E. Imhoff Road, Suite 102
                                        Norman, Oklahoma 73071
                                        (405) 360-9700
                                        (405) 360-7902 (fax)
                                        **ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEYS' LIEN CLAIMED**