# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KIMBERLY R. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-15-482-R |
| | ) | |
| **STATE OF OKLAHOMA** *ex rel.* | ) | |
| **THE BOARD OF REGENTS OF** | ) | |
| **THE UNIVERSITY OF OKLAHOMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Defendant has filed a Motion to Compel (Doc. No. 29) to which Plaintiff objects. Having considered the parties' submissions, the Court finds as follows.

Defendant issued Interrogatories and Requests for Production to Plaintiff and Plaintiff objected to the scope of certain of the requests as overly broad. Specifically Defendant seeks a medical authorization and responses related to medical treatment sought by Plaintiff both before and during her tenure at the University, and authorization for the release of information by Plaintiff's prior employers. The University also seeks discovery related to prior claims of discrimination Plaintiff might have filed and documents related to any lawsuits, criminal actions, or administrative proceedings.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P.26(b)(1). In light of this standard, the Court turns to Defendant's specific requests.

As noted by Defendant Plaintiff's requested relief includes damages for emotional distress, placing her emotional health and well-being at issue. As s result, Defendant is entitled to information regarding her mental health prior to her employment with the University. Furthermore, the Court cannot state with certainty that only specialized mental health providers offer treatment and medications for persons suffering from mental disorders or mental conditions, rendering the records from any of Plaintiff's health care providers discoverable. Although there is the potential that irrelevant records may be produced pursuant to a broad authorization, the goal of discovery is to uncover relevant evidence, which in this case could come from the treatment notes of any of Plaintiff's medical providers at any type of appointment. The Court concurs, however, with Plaintiff's contention that the medical records request should have covered a more limited time frame. Accordingly, the Court hereby orders Plaintiff, within ten days of entry of this Order, to execute the necessary authorizations for the release of medical records from the period beginning on January 1, 2007 through the present. Plaintiff should also within that time period identify and provide documents in her possession concerning all medical treatment, counseling, or other health care services provided to her since January 1, 2007.

With regard to Plaintiff's prior employment, the Court agrees with Defendant that certain of the information sought is relevant. Again, however, the Court agrees with Plaintiff that the scope of discovery, with regard to both duration and information sought, it too broad. Plaintiff is hereby ordered to provide to Defendant, within ten days of entry of this Order, the requested authorization for release of employment records, limited to records from January 1, 2007 to the present, and limited to a record of all positions held, performance evaluations and reports, any information contained in her personnel file regarding Plaintiff's workplace interactions, and any records

pertaining to claims made by Plaintiff related to her health, disability or accidents in which she was involved, including correspondence, reports, claim forms and questionnaires. Plaintiff should also provide to the University documents in her possession related to any claims, charges or complaints levied by Plaintiff against prior or subsequent employers for this same time period.

With regard to Defendant's request for claims in which Plaintiff has been involved as a party, Plaintiff cites to a 2013 deposition from Plaintiff's lawsuit against her prior employer as providing Defendant with the information it seeks. She contends any documents from her personal injury case, her bankruptcy and her divorce are wholly irrelevant but that the relevant information is contained in the deposition. The Court hereby orders Plaintiff to identify all lawsuits, criminal actions, administrative proceedings and other legal proceedings wherein Plaintiff was a party and to describe the nature of the proceedings. Plaintiff shall not be required at this juncture to provide documents responsive to this request. Rather, Defendant may seek the production in less broad terms following receipt of information from Plaintiff regarding the particular claims.

Finally, the parties are ordered to endeavor to craft an appropriate protective order with regard to the settlement agreement between Plaintiff and the Oklahoma State Bureau of Investigation so that it can be produced without delay in accordance with Plaintiff's prior agreement.

For the reasons set forth herein, the Defendant's Motion to Compel is granted in part and denied in part.

**IT IS SO ORDERED** this 29th day of July, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE